J-A25043-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| FREY LUTZ CORPORATION, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| E.R. STUEBNER, INC., | : | |
| | : | |
| Appellee | : | No. 883 EDA 2014 |

Appeal from the Order entered February 18, 2014,
Court of Common Pleas, Chester County,
Civil Division at No. 2013-03233-CT

BEFORE:  DONOHUE, WECHT and PLATT*, JJ.

CONCURRING MEMORANDUM BY DONOHUE, J.:        **FILED APRIL 07, 2015**

I agree with the learned Majority that Frey Lutz Corporation was a third party beneficiary to the primary contractor contract between E.R. Stuebner and the School District ("the Contract").  The Contract as a whole is riddled with clauses setting forth the contractor's obligations to other contractors on the project and expressly anticipates litigation between prime contractors.[1]  The most significant language is contained in section 6.1.1 of the Contract, which states:

---

[1]  ***See, e.g.,*** §§ 3.10.2(3) ("The Contractor is financially responsible to other prime contractors for undue delay caused by him to other prime contractors on the Project."), 4.8.1 (defining a "Claim," in relevant part, as "a demand or assertion by one of the parties seeking, as a matter of right … payment of money … or other relief with respect to the terms of the Contract"), 4.8.4 ("If a Claim has not been resolved after consideration of the foregoing and of further evidence presented by the parties or requested by the Architect, the Architect will notify the parties in writing that the Architect's decision will be made within seven days, which decision shall be final and binding on the

*Retired Senior Judge assigned to the Superior Court.

§ 6.1.1 The Owner reserves the right to perform construction or operations related to the Project with the Owner's own forces, which include persons or entities under separate contracts not administered by the Construction Manager.[] The Owner further reserves the right to award other contracts in connection with other portions of the Project or other construction or operations on the site under Conditions of the Contract identical or substantially similar to these including those portions related to insurance and waiver of subrogation. If the Contractor claims that delay or additional cost is involved because of such action by the Owner, the Contractor shall make such Claim as provided elsewhere in the Contract Documents. **If contractors performing work for the Owner under separate contracts for the[] Project cause Contractor increased costs or damages for delays, acceleration, hindrances, less of productivity or similar claims, Contractor shall not have a claim against the Owner for such costs or damages as provided in Article 8.3, but shall have a right to recover against the other contractor(s) causing such damages. The Owner shall provide the Contractor a right of recovery in the other contractor's contract and will provide a reciprocal right in this Agreement for the benefit of the other contractors. In this regard, Contractor agrees that other contractors performing[] work for the Owner under separate contracts for the Project have a right of action against the Contractor to the**

---

parties but subject to litigation."), 6.2.3 ("Costs caused by delays or by improperly timed activities or defective construction shall be borne by the party responsible therefor."), 6.2.5 ("Claims and other disputes and matters in question between the Contractor and other Contractors shall be subject to the provisions of Section 4.7 provided the other Contractors have reciprocal obligations."), 12.2.5 ("The Contractor shall bear the cost of correcting destroyed or damaged construction, whether completed or partially completed, of the Owner or other Contractors caused by the Contractor's correction or removal of Work which is not in accordance with the requirements of the Contract Documents.").

> **extent[] the Contractor causes the other contractor damages for delays, acceleration, hindrances, loss of productivity or similar damages.**

The Contract, § 6.1.1 (emphasis added).

There could not be a clearer indication of the parties' intent to make the other contractors on the project third party beneficiaries to the Contract. *See Kirschner v. K & L Gates LLP*, 46 A.3d 737, 762 (Pa. Super. 2012) (setting forth the two-part test for third party beneficiary status, "which requires that (1) the recognition of the beneficiary's right must be appropriate to effectuate the intention of the parties, and (2) the performance must satisfy an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.") (citing *Guy v. Liederbach*, 459 A.2d 744, 751 (Pa. 1983)). Although the contract at issue generally contains the terms of the standard AIA contract, notably, neither section 3.10.2(3) (*see supra* n.1) nor the highlighted portion of section 6.1.1 of the Contract appear in the standard AIA contract; rather, the record reflects that the parties added this language to the Contract. *See* Additions and Deletions Report, §§ 3.10.2(3), 6.1.1. These additional clauses serve to insulate the School District from liability for claims made by other contractors for delays on the Project.

It is uncontested that Frey Lutz is a prime contractor on the project. Frey Lutz brought an action for damages against Stuebner based upon construction delays allegedly caused by Stuebner, which caused Frey Lutz to incur additional costs to complete the project. *See* Complaint, 4/9/13, ¶¶ 15-24. Pursuant to section 6.1.1 of the Contract, Frey Lutz is expressly permitted to recover from Stuebner for damages it sustained as a result of Stuebner's delays in performing its obligations under the Contract. Pursuant to section 3.10.2 of the Contract, Stuebner is financially responsible to Frey Lutz for any proven undue delay. As such, I agree that the trial court erred by granting Stuebner's preliminary objections and dismissing the complaint.

Judge Wecht joins this Concurring Memorandum.